**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG |

**SHORT FORM COMPLAINT AND JURY DEMAND**

The Plaintiffs named herein through Exhibit A file this Short Form Complaint and Jury Demand against Defendants named below by and through their undersigned counsel and as permitted by Case Management Order ("CMO") No. 35. This Short Form Complaint is being utilized, permitted and filed in the interests of judicial economy and takes an abbreviated form. Whether and when there will be non-short form complaints and answer(s) will be the subject of further discussions among counsel and the Court. Plaintiffs' Leadership and Defendants' Leadership have stipulated and agreed that at this time and until further Order of the Court, they will not assert that any Short Form Complaint (1) fails to state a cognizable cause of action, (2) fails to state a claim upon which relief may be granted, (3) fails to plead allegations with sufficient particularity, or (4) any other defenses related to insufficiency of pleadings. Plaintiffs' Leadership and Defendants' Leadership have further stipulated and agreed that until further Order of the Court, they will not file motions pursuant to Rule 12(b)(6) against any filed Short Form Complaints asserting a failure to plead allegations with specificity, or failing to meet the requirements of Fed. R. Civ. P. 8. Motion practice on the individual personal injury Complaints subject to this Order shall be stayed and may proceed only upon leave of Court and with the protections afforded under CMO 35. Use of this Short Form Complaint will not be permitted after the expiration of the Filing Facilitation Window as set forth by this Court in CMO 35.

## Plaintiffs

1. Plaintiffs listed in attached Exhibit A allege exposure to Perfluoroalkyl and Polyfluoroalkyl Substances ("PFAS") due to Aqueous Film-Forming Foam ("AFFF"). As a result of exposure to AFFF, Plaintiffs (and/or Decedents) endured pain and suffering, emotional distress, mental anguish, economic injuries, and personal injuries as described below.

2. Plaintiffs allege the plaintiff-specific information listed in Exhibit A.

## Defendants

3. Plaintiffs bring suit against the following defendants (list all defendants being named):

| | |
|---|---|
| Defendant 1 | 3M COMPANY (f/k/a Minnesota Mining and Manufacturing Company) |
| Defendant 2 | AGC CHEMICALS AMERICAS, INC. |
| Defendant 3 | AMEREX CORPORATION |
| Defendant 4 | ARCHROMA U.S., INC. |
| Defendant 5 | ARKEMA INC. |
| Defendant 6 | BASF CORPORATION |
| Defendant 7 | BUCKEYE FIRE EQUIPMENT COMPANY |
| Defendant 8 | CARRIER GLOBAL CORPORATION |
| Defendant 9 | CHEMDESIGN PRODUCTS, INC. |
| Defendant 10 | CHEMGUARD, INC. |
| Defendant 11 | CHUBB FIRE, LTD. |
| Defendant 12 | CLARIANT CORPORATION |
| Defendant 13 | CORTEVA, INC. |
| Defendant 14 | DUPONT DE NEMOURS INC. (f/k/a DOWDUPONT, INC.) |
| Defendant 15 | DYNAX CORPORATION |
| Defendant 16 | E.I. DUPONT DE NEMOURS AND COMPANY, individually and as successor in interest to DuPont Chemical Solutions Enterprise |
| Defendant 17 | KIDDE PLC |
| Defendant 18 | NATIONAL FOAM, INC. |
| Defendant 19 | RAYTHEON TECHNOLOGIES CORPORATION |
| Defendant 20 | THE CHEMOURS COMPANY, individually and as successor in interest to Dupont Chemical Solutions Enterprise |
| Defendant 21 | THE CHEMOURS COMPANY FC, LLC, individually and as successor in interest to DuPont Chemical Solutions Enterprise |
| Defendant 22 | TYCO FIRE PRODUCTS L.P. |
| Defendant 23 | UNITED TECHNOLOGIES CORPORATION |
| Defendant 24 | UTC FIRE & SECURITY AMERICAS CORPORATION, INC. |

## Jurisdiction and Venue

4. Plaintiff alleges jurisdiction based on:

    ☐ Diversity

    ☒ Federal Question

    ☐ The "Mass Action" provisions of the Class Action Fairness Act ("CAFA"), which include the requirements under 28 U.S.C. § 1332(d)(11)

    ☐ Other: _____

5. Plaintiffs designate the District Courts indicated on Exhibit A as the "Home Venue" defined as the proper venues of origin where the claim(s) could have overwise been brought pursuant to 28 U.S.C. § 1391.

## Plaintiff's Allegations of Exposure

6. Plaintiffs allege exposure to PFAS, as described in Exhibit A, as a result of:

    - Direct exposure to AFFF (i.e. use or handling of AFFF); and/or
    - Exposure to drinking water contaminated with PFAS as a result of AFFF; and/or
    - Exposure to turnout gear ("TOG") containing PFAS.

The specific exposure alleged by each plaintiff is indicated in Exhibit A.

## Plaintiff's Alleged Injuries

7. Plaintiffs allege one more of the following personal injuries as described in Exhibit A:

    Kidney Cancer
    Testicular Cancer
    Thyroid Disease
    Ulcerative Colitis
    Liver Cancer
    Thyroid Cancer

8. Plaintiffs have not described or alleged secondary injuries, damages, or sequela of the injuries alleged above. Plaintiffs reserve the right to seek damages for all such secondary injuries, damages, or sequela attributable to the injuries alleged above.

## Causes of Action

9. The specific causes of action Plaintiff(s) can adopt(s) and incorporate(s) by reference as if set forth fully herein, are the following Causes of Action, of which each Plaintiff on Exhibit A adopts and alleges such Causes as indicated on Exhibit A:

    Count I – Defective Design
    Count II – Failure to Warn
    Count III – Negligence
    Count IV – Negligence Per Se
    Count V – Trespass and Battery
    Count VI – Strict Product Liability
    Count VII – Market Share Liability, Alternative Liability, Concert of Action, and Enterprise Liability
    Count VIII – Concealment, Misrepresentation, and Fraud
    Count IX – Conspiracy
    Count X – Wrongful Death
    Count XI – Loss of Consortium

    Other Causes of Action:
    Count XII – _____
    Count XIII – _____
    Count XIV – _____
    Count XV – _____
    Count XVI – _____
    Count XVII – _____
    Count XVIII – _____
    Count XIX – _____
    Count XX – _____

    Others
    _____
    _____
    _____

**Jury Demand**

10. Plaintiffs demand a trial by jury as to all claims in this action.

Dated: August 18, 2025

Respectfully submitted,

*/s/ Wesley A. Bowden, Esq.*
Wesley A. Bowden, Esq.
Matthew P. Marcin, Esq.
J. Caleb Cunningham, Esq.
**Levin, Papantonio, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
P: (850) 435-7186 / F: (850) 436-6186
wbowden@levinlaw.com
mmarcin@levinlaw.com
ccunningham@levinlaw.com
***Counsel for Plaintiffs***